IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HERSEY DWAYNE CRADDOCK,** **PLAINTIFF**
county inmate #82218

v. CIVIL NO. 1:17-cv-353-HSO-JCG

**DAVID ALLISON and**
**NANCE FITZPATRICK STOKES** **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record and relevant legal authority, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

Pro se Plaintiff Hersey Dwayne Craddock initiated this action on December 20, 2017, while he was incarcerated in the Pearl River County Jail, in Poplarville, Pearl River County, Mississippi. On April 4, 2018, the Court entered an Order [9] requiring Craddock to file a response on or before April 25, 2018, providing specific information regarding his claims. The Order [9] warned Craddock that his failure to timely comply with the requirements of the Order or advise the Court of a change of address would result in the dismissal of his Complaint. Order [9] at 1. The Order [9] was mailed to Craddock at his last known address. The envelope [11] containing the April 4, 2018, Order [9] was returned by the postal service with the label "Return to Sender – Refused – Unable to Forward." Ret. Mail [11] at 1.

Craddock did not comply with the Order or otherwise contact the Court.

Since Craddock is proceeding pro se, he was provided an additional opportunity to comply with the Court's Order prior to the dismissal of this case. On May 9, 2018, the Court entered an Order to Show Cause [12]. The Order to Show Cause [12] required that, on or before May 23, 2018, Craddock: (1) file a written response, showing cause why this case should not be dismissed for his failure to comply with the Court's previous Order [9]; and (2) comply with the Court's previous Order [9] by filing the required response. Order [12] at 1. Craddock was warned that "if he fails to fully comply with this Order in a timely manner or if he fails to keep this Court informed of his current address, this case will be dismissed without further written notice." *Id*. at 1. The Order to Show Cause [12] was mailed to Craddock at his last known address, but the envelope [13] containing the Order to Show Cause [12] was returned with a stamped notation "Return to Sender." Ret. Mail [13] at 1. Craddock did not respond to the Order to Show Cause [12] or otherwise contact the Court about this case, and Craddock has taken no action in the case since February 14, 2018.

## II. DISCUSSION

The Court has the authority to dismiss an action for Craddock's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the

inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 630–31.

Craddock did not comply with two Court Orders after being warned numerous times that failing to do so would result in the dismissal of his lawsuit. Specifically, Craddock was warned in a total of six Orders and a Notice of Assignment that his failure to comply with a Court Order or his failure to keep the Court informed of his current address may lead to the dismissal of this case. *See* Order [3] at 2; Order [5] at 2; Order [6] at 1; Order [8] at 1; Order [9] at 1; Order [12] at 1; Not. of Assign. [1-1] at 1. Despite these warnings, Craddock has not contacted the Court since February 14, 2018, and he has not advised the Court of his current address. Such inaction represents a clear record of delay or contumacious conduct by Craddock. It is apparent that Craddock no longer wishes to pursue this lawsuit. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r.,* 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

III. CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will enter pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 7th day of June, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE